UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ALI AZIZ,

                Petitioner,

v.                                                                                Case No. 24-cv-1322-bhl

STEVEN R JOHNSON,

                Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING HABEAS PETITION

        On October 16, 2024, Ali Aziz (also known as Mark Peterson), a state prisoner incarcerated at Milwaukee Secure Detention Facility, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. (ECF No. 1.) Aziz alleges that he has been held past his release date and improperly housed in a maximum-security unit after his parole was revoked. (*Id.* at 1, 7–9.)

        On October 29, 2024, Magistrate Judge William E. Duffin screened Aziz's petition. (ECF No. 4.) The magistrate judge first noted that 28 U.S.C. § 2254, not Section 2241, appeared to be the proper vehicle for Aziz's claims because he is in custody following revocation of his parole, but acknowledged the distinction was immaterial at screening because the Rules Governing Section 2254 Cases apply to both Section 2241 and Section 2254 petitions. (*Id.* at 2.) Applying Rule 4, Judge Duffin screened Aziz's petition and determined that he has not exhausted his state court remedies, as required before seeking federal habeas relief. (*Id.* at 2–4.) "The exhaustion doctrine requires a petitioner to use all available state procedures to pursue his claim before seeking federal habeas corpus relief." (*Id.* at 3 (quoting *Blanck v. Waukesha County*, 48 F. Supp. 2d 859, 860 (E.D. Wis. 1999).) Judge Duffin concluded that, although Aziz's petition stated that he has repeatedly raised his complaints with corrections officials, "there is no indication that he has litigated these claims through a complete round of state court review." (*Id.* at 4.) Accordingly, Judge Duffin issued a Report recommending that Aziz's petition and the case be dismissed for failure to exhaust his state court remedies. (*Id.*)

Pursuant to General Local Rule 72(c), 28 U.S.C. § 636(b)(1)(B) and (C), and Federal Rules of Civil Procedure 6(d) and 72(b)(2), Aziz had until October 12, 2024 to file and serve written objections to Judge Duffin's Report and Recommendation. Once objections are made, this Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations *to which objection is made*." 28 U.S.C. § 636(b)(1) (emphasis added).

On October 14, 2024, the Court received a letter from Aziz in which he states that he has exhausted "all remedies that were available" to him. (ECF No. 5.) Aziz attached to his filing an October 8, 2024 letter from the Milwaukee County Clerk of Circuit Court indicating that it had received his letter requesting sentencing credit but required additional information concerning the exact periods for which he was requesting credit, (ECF No. 5-1 at 1), as well as his response to that letter. (*Id.* at 2–5.) The Court interprets these documents as Aziz's objections to Judge Duffin's Report and, because he is incarcerated and proceeding *pro se*, will consider his objections timely.

After consideration of Judge Duffin's Report, Aziz's objections, and the record as a whole, the Court adopts the Report and Recommendation of the magistrate judge. The record supports Judge Duffin's conclusion that Aziz has not exhausted his state court remedies. As Judge Duffin explained, the exhaustion doctrine requires state prisoners to present their claims *at every level* of state court before bringing their claims to federal court. (*See* ECF No. 4 at 3 (citing *Moore v. Parke*, 148 F.3d 705, 708 (7th Cir. 1998); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)).) Aziz has provided evidence that he wrote a letter to the circuit court asking for sentence credit, but writing a letter is insufficient to establish exhaustion. Aziz must not only send correspondence; he must actually litigate his claims to resolution in the state courts before pursuing those claims in a federal habeas proceeding. *See Jones v. Morgan*, No. 11-CV-936, 2012 WL 663878, at *2 (E.D. Wis. Feb. 29, 2012); *see also O'Sullivan*, 526 U.S. at 842–45. He has offered no evidence to suggest he has or that Judge Duffin's determination was incorrect. Accordingly, the Court will adopt Judge Duffin's Report and Recommendation and dismiss Aziz's petition without prejudice. *See Lauderdale-El v. Ind. Parole Bd.*, 35 F.4th 572, 577–80 (7th Cir. 2022) (collecting cases dismissing without prejudice for failure to exhaust).

Accordingly,

**IT IS HEREBY ORDERED** that Magistrate Judge William E. Duffin's Report and Recommendation, ECF No. 4, is **ADOPTED**.

**IT IS FURTHER ORDERED** that Aziz's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, ECF No. 1, and this case are **DISMISSED without prejudice**.

Dated at Milwaukee, Wisconsin on November 15, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge